16 So.2d 500

**Ex parte WHITE.**

**4 Div. 311.**

Supreme Court of Alabama.

Jan. 20, 1944.

W. L. Lee and Alto V. Lee, III, both of Dothan, for petitioner.

T. E. Buntin, of Dothan, for respondent.

STAKELY, Justice.

This is an original petition to this court for mandamus to compel D. C. Halstead, Judge of the Twentieth Judicial Circuit, to vacate an order, awarding the custody of a child pendente lite. The theory of the

petition is that the court had no jurisdiction to make the order. Upon issuance of the rule nisi, Judge Halstead filed answer and the cause is submitted here on petition and answer.

On August 18, 1943, J. G. White, the father of Billy Ronald White, a boy aged nine, instituted habeas corpus proceedings against Ida Mae White, his wife and mother of the child, in the circuit court of Houston County, for the purpose of obtaining custody of the child. The writ was served on Ida Mae White by the sheriff of Houston County in Houston County. Ida Mae White filed an answer, stating in substance that she appeared only to resist the jurisdiction of the court and alleging among other things that she now resides in Miami, Florida, and that at the time service was had on her, the child was in the custody of her mother in Barbour County.

On August 20, 1943, J. G. White filed a bill of complaint (as he terms it) against Ida Mae White in the circuit court of Houston County, in Equity, for the custody of the minor child, Billy Ronald White, asking for a temporary injunction to restrain Ida Mae White from removing the child from the jurisdiction of the court. The bill alleged, among other things, that complainant was a bona fide resident of Houston County, that the legal residence of his wife was Houston County, although she was residing away from her husband in Miami, Florida, and was temporarily living in Barbour County, Alabama; that on or about June 17, 1943, Ida Mae White left her home and place of residence with J. G. White in Dothan, Alabama, and prior to going to Miami, Florida, took the child to her mother in Barbour County; that subsequently J. G. White went to Barbour County and brought the child back to his abode in Dothan, Alabama, to live with him and his sister; that on August 17th Ida Mae White came to Dothan and while J. G. White was at work forcibly took the child to her mother in Barbour County.

The writ of injunction was issued and together with the bill of complaint was served on Ida Mae White by the sheriff of Barbour County.

Thereafter on petition of J. G. White the habeas corpus proceedings were transferred and consolidated by order of the court with the equity proceedings in the equity court, with the consent of the attorney for Ida Mae White, with the reservation, however, that such consent did not waive the right of Ida Mae White to question the venue of the actions either as to the habeas corpus proceedings or the equity proceedings.

Thereafter, Ida Mae White filed in the equity court a plea which is partly set out as follows:

"The respondent, Ida Mae White, pleads in abatement to the said cause of action as follows:

"1st. Because the Court has not jurisdiction in said matter.

"2nd. Because the venue of said action is in Barbour County, Alabama and not in Houston County, Alabama."

Then follow allegations which show in substance that both Ida Mae White and the child were bona fide residents of Barbour County at the time of filing the bill of complaint, although she was temporarily residing in Miami, Florida; that the child was in the custody of her mother in Barbour County; that she did not forcibly carry the child from Houston County to Barbour County; that the residence of the child is the residence of the mother.

Thereafter J. G. White filed his petition in the equity case seeking custody of the child pendente lite. The court set the petition down for hearing and ordered notice of the hearing given to the attorney of record for Ida Mae White. The notice was served on the attorney. Thereafter by consent the court amended the order which removed the proceeding to the equity side of the court so as to show that at the time of the order of removal the attorney was attorney of record for Ida Mae White only in the habeas corpus proceedings.

Thereafter the attorney filed a motion to quash service of the notice on him, which was overruled by the court, and thereafter on a hearing before the court of the petition for custody of the child pendente lite, no one being present in court in person representing Ida Mae White, the court entered an order granting the custody of the child to his father, J. G. White, pendente lite, subject to the further orders of the court.

Thereafter on October 1, 1943, Ida Mae White filed a bill for divorce in the circuit court of Dade County, Florida, alleging that she was a bona fide resident of the State of Florida.

On or about September 15, 1943, Ida Mae White allowed or caused Billy Ron-

ald White to be removed from the State of Alabama to the State of Florida and he is now in the custody of Ida Mae White in Miami, Florida.

Ida Mae White insists that the venue of the action as between Houston and Barbour County is an undetermined issue and should have been settled by the court before making the order granting custody of the child to J. G. White pendente lite. She admits that the allegations of the complaint show that Houston County is the proper jurisdiction or venue, but insists that her pleading shows Barbour County to be the proper jurisdiction or venue. She further insists that the order was made without notice to her, since notice to the attorney was not notice to her. She takes this position claiming that the appearance of the attorney was only for the purpose of pleading to the jurisdiction or venue of the action.

Ida Mae White has violated the order of the court and now has the child in her custody beyond the jurisdiction of the court, but in passing on her right to the mandamus here sought, we think we should go at once to the question of jurisdiction, since, if the court was without jurisdiction to make the order, the order was not valid and could be ignored by her. Board of Revenue of Covington County v. Merrill, 193 Ala. 521, 544, 545, 69 So. 971; In re Willis, 242 Ala. 284, 5 So.2d 716, 719.

In determining the question of jurisdiction, it is well first to understand the nature of the proceeding instituted by J. G. White in the equity court, since the entire proceedings are now in equity. J. G. White seeks neither a divorce nor a separation. We continue now in the words of Judge Cardozo in the case of Finley v. Finley, 240 N.Y. 429, 148 N.E. 624, 626, 40 A.L.R. 937: "That being so, we seek the measure of his rights, not in statutory jurisdiction in causes matrimonial, but in the jurisdiction to determine the custody of infants as it exists at law and in equity irrespective of the statute. We find no authority for the exercise of that jurisdiction through the medium of an action by one parent against the other. * * * It is not a remedy by suit. It is a remedy by petition. The distinction is implicit and fundamental alike in the genesis of the jurisdiction and in its subsequent development. * * * The chancellor in exercising his jurisdiction upon petition does not proceed upon the theory that the petitioner, whether father or mother, has a cause of action against the other or indeed against anyone. He acts as parens patriae to do what is best for the interest of the child. * * * He is not adjudicating a controversy between adversary parties, to compose their private differences. He is not determining rights 'as between a parent and a child,' or as between one parent and another. * * * Equity does not concern itself with such disputes in their relation to the disputants. Its concern is for the child."

In the case of Thomas v. Thomas, 212 Ala. 85, 101 So. 738, 739, this court speaking through Mr. Justice Bouldin, in referring to what is now § 79, Title 34, Code of 1940, and another Code section not here applicable, said: "In general, these statutes merely recognize the oft-declared principle that the court should look first to the good of the child."

And in the case of State v. Black, 239 Ala. 644, 196 So. 713, 715, 717, Mr. Justice Thomas quoted from Finlay v. Finlay, supra, as follows: " 'The jurisdiction of a state to regulate the custody of infants found within its territory does not depend upon the domicile of the parents. It has its origin in the protection that is due to the incompetent or helpless. * * * For this, the residence of the child suffices, though the domicile be elsewhere.' "

These authorities demonstrate that the immediate welfare of the child far overshadows any legal question such as venue, which a parent might raise and which can be determined later. Section 80, Title 34, Code of 1940, supplementing the preceding section of the Code, provides that while the application is pending, the court may make any order that the safety and well being of the child may require. The petition of J. G. White showed on its face that the Circuit Court of Houston County had jurisdiction. Its inherent power is not questioned, but only the venue. It was not necessary to determine the challenge to that jurisdiction by Ida Mae White before granting custody of the child, pendente lite, to J. G. White. The order was a purely temporary order for the sake of the welfare of the child.

By the same reasoning we discount the need of notice to Ida Mae White of the hearing on the petition for custody of the child pendente lite. The notice which the court ordered given to her attorney,

while desirable as a general practice, was a gratuity on the part of the court. Any final order as to the child's custody could only be made after notice. In fact the statute so requires. § 79, Title 34, Code of 1940. But here an order was made which is not final in any sense and only to provide for the child during the litigation.

"Ordinarily, a parent's right to the custody of his minor child cannot be cut off except after due notice to the parent and opportunity to be heard. To do so would be to deprive him of his legal rights without due process of law. Due process, however, does not in every case require that the determination of the parent's right to the custody of his child must precede any interference therewith. The child may be taken from his custody provisionally by a summary proceeding, so long as an adequate remedy is available by which the parent may afterward have his rights presented to a proper tribunal. * * *" 39 Am.Jur. 604, § 17.

The order was properly made.
Writ denied.

GARDNER, C. J., and BOULDIN and FOSTER, JJ., concur.