WRIGHT, Presiding Judge.
This is an appeal from a judgment modifying a prior judgment for custody of children. We reverse.
The primary issue here is whether a hearing of a rule nisi for contempt of court may be converted into a hearing for change of custody without prior notice and opportunity to prepare.
The parties were divorced on December 7, 1975. An agreement that the mother should have custody of three minor children and reside in the home was incorporated in the divorce. The judgment was modified on October 5, 1976. The modification changed custody of the oldest child, a daughter, from the mother to the father. It directed the mother to leave the place where she was then living and return to live in the home in Dothan. The mother was further directed to sever all association and relationship with Kenneth A. Tew.
On December 10, 1976, the father filed a petition requesting that the mother be directed to show cause why she should not be held in contempt of court for failure to comply with the directives of the judgment of October 5, 1976. Motion to dismiss was filed by the mother on the ground that the provisions of the judgment she was charged with violating were void and unenforceable.
The record of the hearing on the rule nisi discloses that the court was reminded by counsel for the father that the mother had been ordered to move back to Dothan from Barbour County and to discontinue any relationship with Kenneth Tew. Counsel then informed the court that the mother had not moved to Dothan, but had married Tew and was living with him and her two children in Barbour County.
*590 There was argument by counsel for the mother in support of the motion to dismiss the rule nisi. The court found the motion well taken and dismissed the rule nisi. The court then announced that it would entertain a motion by the father to modify the decree of October 5, 1976, as to the custody of the children. The motion was promptly made and the court stated “then we will go into that now.” Counsel for the mother announced that he was not prepared to defend a modification. The court commented that he should be as prepared for that as he was for the rule nisi, as it all involved the same thing — the welfare of the children. Counsel excepted to the court’s action.
The following colloquy then occurred:
“THE COURT: All right. In fact, I believe that the record would show — and it probably ought to come out anyway— that I remarked at the time that we had this hearing that if Mrs. Taylor — I guess now Mrs. Tew — did not do what I said, why, I would, would give custody of both children to the father. I believe I made that statement, if I’m not mistaken. And—
“MR. BATES: Your Honor, I would like in the interest of my client to ask that you recuse yourself from this case because in my opinion you have prejudged the matter, and I’d like to ask that you recuse — recuse yourself, set it for hearing before another judge.
“THE COURT: I deny that motion. The record would show what your grounds are, but that’s — this is all a continuing matter. And you’re quite correct. I do have an opinion about it, which your client will have to overcome since we have — well, I’ve already made a determination in this case, which the record shows. And — but, anyway. We will consider the, as I say, the — I agree with you. I cannot hold your client in contempt of court for failing to obey the type of order that I rendered. I realize that. I realized it at the time I made it, I suppose. But I’ll consider this complaint for contempt as a motion to further modify the decree for the best interests of these children.
“Mr. Hause, if you want to proceed on that I’ll let you.”
After this exchange, testimony was taken by the father and final judgment was entered taking custody of the children from the mother, relieving the father from further payment of support and permitting sale of the home and division of the proceeds.
It is the opinion of this court that the mother was denied constitutional due process. It does not comport with fundamental fairness to cite a party to appear and defend against an accusation of conduct constituting contempt of court and upon such appearance require that party to defend against a deprivation of custody of children. Fundamental fairness is what due process is all about. State Tenure Comm’n v. Madison County Bd. of Educ., 282 Ala. 658, 213 So.2d 823 (1968); Galvan v. Press, 347 U.S. 522, 530, 74 S.Ct. 737, 742, 98 L.Ed. 911 (1954). Due process is a limitation even upon an equity proceeding. Danford v. Dupree, 272 Ala. 517, 132 So.2d 734 (1961). We believe the decision of this court in the case of Thorne v. Thorne, 344 So.2d 165 (Ala.Civ.App.1977) is sufficiently in point to be dispositive of the issue of due process presented in this case. That case has been buttressed by the decision of our Supreme Court in the case of Ex parte Anonymous, 11 ABR 2104 (Aug. 12, 1977).
We are not holding here that the court upon presentation of information, by petition or otherwise, of need for immediate action to protect the minor children, could not act. However, such action would be temporary pending a due process hearing, and not a permanent change of custody as in this instance. See Stallworth v. Stallworth, 272 Ala. 449, 131 So.2d 867 (1961).
The second issue presented is whether the motion that the judge recuse himself was improperly denied.
As this case is being reversed on other grounds, and remanded for further proceed *591 ings as the parties deem necessary and proper, we pretermit consideration of that issue. Should the situation arise requiring the motion for recusal to be made again, we perceive that better factual support could be laid in the record than is presently before the court. For guidance and consideration if such motion is again filed, we suggest a review of the case of Wambles v. Coppage, 333 So.2d 829 (Ala.Civ.App.1976), and Canon 3C, Alabama Code of Judicial Ethics.
REVERSED AND REMANDED.
BRADLEY and HOLMES, JJ., concur.