This is a petition for a writ of mandamus.
The father (Petitioner) and the mother (Respondent) were divorced in 1984. Custody of their minor daughter was awarded to the mother. The father was given reasonable rights of visitation.
In April 1985 the mother filed a motion for modification concerning the division of certain marital property, payment of joint debts, and visitation rights of the father. On July 9, 1986, after an ore tenus hearing, the trial court issued a temporary order regarding visitation rights of the father. The court did not rule on the other matters raised by the pleadings.
On July 25, 1986, after a second ore tenus hearing, the trial court altered its July 9th order. The minor child, pursuant to the July 9th order, was to visit with her father for one month. However, after hearing testimony concerning the child's well-being while at her father's home, the trial court allowed the mother to bring the child back to her home before the end of this one-month period. Again, the trial court did not rule on any other matters raised by the pleadings and ordered that they "remain in the breast of this court until further order." *Page 1004 
In September 1986 the mother filed a motion to deny visitation to the father. The motion alleged that the father was presently released on bond charged with the crimes of aggravated rape, indecent behavior with a juvenile, and cruelty to a juvenile. Each alleged crime involved the minor child of the father and mother. In response to this motion, the father sought to take certain depositions and also sought to subpoena certain records. At that time the mother moved for a protective order and a motion to quash the subpoena. On October 14, 1986, the trial court entered the following order, which is the subject of this petition for writ of mandamus:
 "This cause coming to he heard on Plaintiff's motion to deny visitation to defendant, her motion to quash subpoena, and her motion for a protective order, and upon argument by counsel, it is ordered, adjudged, and decreed:
 "1. Jurisdiction of this court in this cause continues pursuant to the temporary order of visitation of 9 July, 1986, and the order of 25 July, 1986.
 "2. Plaintiff's motion to deny visitation is hereby granted, and Defendant shall have no further visitation with the child of their marriage until further order of this court.
 "3. Plaintiff's motion to quash the subpoena directed to Barry Green-Burns and Indian Rivers Community Mental Health Clinic is hereby granted.
 "4. Upon Plaintiff's motion for a protective order, it is ORDERED that Defendant Billy Ray Harris is hereby prevented from deposing any individuals in this cause, or otherwise using the discovery process, to gain any information concerning the criminal case or cases against him in the State of Louisiana. This protective order shall remain in effect until the criminal cases in Louisiana are resolved, by final judgment at trial, or by the grand jury returning a 'no bill,' or the action in the State of Louisiana equivalent thereto."
The father now petitions this court by a writ of mandamus to compel the trial court to vacate the above order. Further, the father requests this court to require the trial court to hold an evidentiary hearing and permit the father the use of discovery preparations of his defense.
The mother argues that the petition for writ of mandamus should be denied as it is not the appropriate remedy to test the trial court's order. She contends that the trial court's order was a final order, denying visitation to the father, and, as such, the father had forty-two days to file a notice of appeal. As no notice of appeal was so filed, she contends that the time for appeal has now run.
Although this order could be interpreted as being an appealable order, this court is of the opinion that the better view is that the order was not final. There are other matters in this case that are still pending before the trial court. When there are multiple claims for relief in an action, any order which adjudicates fewer than all the claims is not a final order which will support an appeal. Tubbs v. Brandon,366 So.2d 1119 (Ala. 1979). In view of this, the father's petition for a writ of mandamus is, therefore, properly before this court.
Therefore, the sole issue before us now is whether the trial court abused its discretion in issuing its October 14, 1986, order. Put another way, the father argues that he was denied due process of law in that his visitation rights were denied without a hearing. We disagree. It is the opinion of this court that the order in question was only temporary in nature, and we so find. Here, an order was made which is not final in any sense. In light of the serious allegations made against the father, the order is only to provide for and protect the child pending a hearing.
The courts of Alabama have held that, when dealing with the welfare of a minor child, due process of law in a legal proceeding should be observed. LaMoreaux v. Schadt,442 So.2d 117 (Ala.Civ.App. 1983). However, the court should also look first to the good of the child. The immediate welfare of a child by far overshadows all else. Ex parte White, 245 Ala. 212, 16 So.2d 500 (1944). *Page 1005 
Ordinarily a parent's right to custody (or visitation) of his minor child cannot be cut off except after due notice to the parent and an opportunity to be heard. To allow such would be to deprive the parent of his legal rights without due process of law. Ex parte White, 245 Ala. at 215, 16 So.2d at 503. However, due process does not require that in every case the determination of the parent's rights must precede any
interference therein. Ex parte White, 245 Ala. 212,16 So.2d 500. In situations where it appears that the actual health and physical well being of the child are in danger, the court has authority to make a temporary ruling concerning custody (or visitation) until a final determination can be made. Ex parteWhite, 245 Ala. 212, 16 So.2d 500; Thorne v. Thorne,344 So.2d 165 (Ala.Civ.App. 1977).
In light of the serious allegations against the father, it would appear to this court that the temporary denial of the father's visitation rights without a hearing is fully consistent with the court's concern in protecting the safety of the child. The trial court had before it allegations that the father had been charged with rape of his child. In addition to these allegations, there have been two prior hearings dealing with the father's visitation rights. Therefore, the court was well aware of prior problems concerning visitation.
Here the order was a purely temporary order for the sake and welfare of the child. However, it is clear that any final order as to visitation rights can be made only after due process is afforded the father. Thorne, 344 So.2d 165.
The father requests this court to issue a writ of mandamus, ordering the trial court to hold an evidentiary hearing. In order for this court to issue such a writ, there must be credible allegations which are ironclad in nature, showing that the court is bound by law to do what the father requests.Segars v. Segars, 333 So.2d 155 (Ala.Civ.App. 1976). In view of the above, the father has failed to do this at this time.
We would note to all concerned that this court, as indicated above, considers the trial court's action to be of a temporary nature precipitated by grave allegations against the father. We would remind all that the action taken by the trial court is not res judicata. Moreover, in keeping with due process, the present circumstances cannot continue indefinitely without some final resolution.
The father also requested that this court order the trial court to allow him to use certain discovery methods. However, in light of the above, this issue is pretermitted.
At this time the petition for writ of mandamus is due to be denied.
PETITION FOR WRIT OF MANDAMUS DENIED.
BRADLEY, P.J., and INGRAM, J., concur.