L. CHARLES WRIGHT, Retired Appellate Judge.
Charlotte Sue Williams and Jerry Williams were divorced in November 1981. Mrs. Williams was awarded custody of the parties’ minor daughter and Mr. Williams was given unlimited rights of visitation. The decree provided that neither party would remove the minor child from the state of Alabama, except for vacation, without the express permission and consent of the other party.
On October 4, 1988 Mr. Williams filed a “Petition for Modification of Divorce Decree,” seeking an order wherein temporary custody of the minor child would be awarded to him. In his verified petition he alleged that Mrs. Williams had removed the minor child from the state of Alabama to the state of Texas and that Mrs. Williams was presently living in the state of Texas with a man who had been “convicted of grand larceny, auto; burglary of a commercial business; grand larceny; aggravated battery on a police officer; and is presently paroled out of the Mississippi prison system.” Mr. Williams further asserted that he had reason to believe that Mrs. Williams did not intend to ever let him see the minor child again. In support of this belief he attached to his petition the following note written by Mrs. Williams to her parents:
“Mama and Daddy
“I love you both. I couldn’t tell you I was leaving and there are a bunch of reasons why. I’m not crazy although I know all this is crazy — I thought it out a long time before I up and did it — Please don’t call Jerry or I can never come back — I’ll have to run forever.”
On the same day the petition was filed, the trial court issued an order awarding temporary custody of the minor child to Mr. Williams. The trial court ordered that a copy of the order together with the petition be served on Mrs. Williams and that she “shall be entitled to a hearing concerning temporary relief upon motion being filed with the Circuit Clerk.”
On October 27, 1988 Mrs. Williams filed a “Motion to Reconsider.” Following a hearing, the trial court denied the motion. Mrs. Williams appeals from that denial.
Mrs. Williams argues that the trial court erred in issuing the temporary custody order without giving her due notice and an opportunity to be heard. She relies heavily on Ex parte Williams, 474 So.2d 707 (Ala.1985), to support her proposition that:
“[Ejxcept in certain narrow circumstances hereinafter discussed, a parent having custody of a minor child cannot be de *84 prived of that custody, even temporarily, without being given adequate notice under Rules 4 and 5, A.R.Civ.P., and an opportunity to be heard.”
Williams states the general proposition of law as stated by Mrs. Williams. However, we find Williams to be distinguishable from the present case.
In Williams the trial court granted an ex parte change of custody petition based on the father’s anticipatory belief that the mother would remove the minor son from the state of Alabama. Our supreme court, noting that the divorce decree contained no geographical restrictions regarding the residence of the minor child, reversed the trial court and found that it did not have the authority to issue a temporary order modifying the prior custody decree without giving the mother due notice and an opportunity to be heard.
The court found in Williams, however, that there are “certain narrow circumstances” in which a trial court can issue an ex parte order temporarily modifying a prior custody decree. In Ex parte White, 245 Ala. 212, 16 So.2d 500 (1944), the supreme court upheld a temporary award of custody to the father without prior notice to the mother. In doing so, the court quoted with approval the following from Am.Jur.:
“Ordinarily, a parent’s right to the custody of his minor child cannot be cut off except after due notice to the parent and opportunity to be heard. To do so would be to deprive him of his legal rights without due process of law. Due process, however, does not in every case require that the determination of the parent’s right to the custody of his child must precede any interference therewith. The child may be taken from his custody provisionally by a summary proceeding, so long as an adequate remedy is available by which the parent may afterward have his rights presented to a proper tribunal.”
39 AmJur. 604 § 17 (1942).
The court said in Williams that the parents in White were not divorced but merely separated. Therefore the order awarding temporary custody to the father did not have the effect of modifying a prior decree.
The second exception to the Williams rule is the “endangerment exception.” That exception was recognized in the case of Thorne v. Thorne, 344 So.2d 165 (Ala.Civ.App.1977), wherein this court applied the limited application of White in the following manner:
“In the few situations where it appears the actual health and physical well-being of the child are in danger, the court has authority under Ex parte White, supra, to make a temporary grant of custody until a final determination can be made.”
We find that the facts of this case constitute a Thome exception. The violation of the geographical restriction in the divorce decree, with the undisputed facts of the petition, is sufficient to justify the trial court’s apprehension concerning the danger to the child’s physical well-being. We do not find that the trial court erred in granting temporary custody to the father without prior notice to the mother. A reasonable opportunity for a prompt hearing was presented by the court in its decree of which the mother had notice. She chose instead to attack the temporary decree by motion to reconsider. She has yet to seek a hearing on the merits of the issue of custody.
We affirm.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of section 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.