L. CHARLES WRIGHT, Retired Appellate Judge.
Sarah Elizabeth Bamberg filed a complaint for divorce against Grady George Bamberg on October 30, 1990 in the Circuit Court of Bibb County. The husband received the complaint along with a temporary restraining order on October 31, 1990. The temporary order mandated that temporary custody of the parties’ minor children be awarded to the wife; that temporary use and possession of the parties’ home be awarded to the wife; that the wife be awarded possession of an automobile; that the husband be restrained from acts of mental cruelty or contact with the wife; and that the husband vacate the homeplace of the parties by November 1, 1990. The husband was arrested on November 2, 1990 for failure to vacate the homeplace. Subsequently, he filed a petition for writ of mandamus with this court attacking the validity of the temporary order and the validity of his incarceration.
Initially we note that the proper remedy for review of the husband’s incarceration is by way of habeas corpus. A petition for writ of mandamus is not the proper remedy. Falk v. Falk, 355 So.2d 722 (Ala.Civ.App.1978).
The husband asserts that the issuance of the temporary restraining order, without notice, was in violation of his right to due process and equal protection.
Rule 65(b), Alabama Rules of Civil Procedure, allows the issuance of a tem *1365 porary restraining order, in certain circumstances, without notice to the adverse party. Ex parte Williams, 474 So.2d 707 (Ala.1985). A parent may be awarded temporary custody in a summary proceeding so long as an adequate remedy is available by which the parent may afterward have his rights presented to a proper tribunal. Ex parte White, 245 Ala. 212, 16 So.2d 500 (1944). Once a temporary order is issued, the method of attack by the restrained party is a motion to dissolve or modify. The restrained party should make an effort to have a hearing set on the motion or upon his motion for dissolution. See Committee Comments, Rule 65, A.R.Civ.P.
Here, there was no motion made to dissolve the temporary order or a request for a hearing. Instead, on November 1, 1990 the husband filed an objection to the order and on November 2, 1990 he filed his petition for writ of mandamus with this court. Following the husband’s November 1, 1990 objection in the trial court, no further record was made. With the scant record before us we are unable to determine what, if anything, has transpired since the issuance of the temporary order.
Mandamus is an extraordinary legal remedy, to be granted only when the petitioner’s right to relief is clear and when there is no other adequate remedy. Gissendanner v. Slade, 382 So.2d 1127 (Ala.1980). The husband was afforded an adequate remedy in the trial court by Rule 65, A.R.Civ.P. He failed to avail himself of that remedy. Accordingly, the petition for writ of mandamus in this court is denied.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
WRIT DENIED.
All the Judges concur.