ROBERTSON, Presiding Judge.
On December 8, 1995, LaCretia Washington, a social worker with the Jefferson County Department of Human Resources (DHR), filed a complaint in the Jefferson County Juvenile Court alleging that Y.S., a two-year-old female, was a dependent child in need of care and supervision, because, she said, the minor child’s father had allegedly put beer in *634 the child’s bottle. DHR petitioned the trial court for custody of the minor child. On December 16, 1995, the father, M.S., and the mother, K.S„ were served with a copy of the summons and complaint and were ordered to appear at a hearing set for January 22, 1996. At the hearing, the trial court instructed DHR to conduct a home study of the parents and to file a report with the court. The case was twice set for hearing, but on both occasions the hearing date was continued.
On March 19, 1996, the trial court set a May 6, 1996, hearing date and ordered the clerk of the court to notify all parties and attorneys of that date. On March 21, 1996, the clerk mailed notices of the hearing date to the parents; however, those notices were returned as undeliverable. The clerk did not mail a notice to the parents’ attorney. The trial court proceeded with the hearing on May 6, 1996; neither the parents nor their attorney was present at the hearing. During the hearing, DHR and the guardian ad litem for the minor child stipulated that the minor child was a dependent child. That same day, the trial court entered an order finding the minor child to be dependent and placing the “care, custody, and control” of the minor child with the maternal grandmother. The trial court further ordered the parents to attend, among other things, parenting skills classes. The trial court also restrained the father from contacting the maternal grandmother or the minor child and restricted the father’s visitation with the minor child to the DHR office under DHR’s supervision.
On May 10, 1996, the parents filed a post-judgment motion requesting the trial court to vacate the May 6, 1996, order because, they said, neither they nor their attorney had received notice of the hearing. They argued that the removal of the minor child from their care without notice violated their constitutional rights. Following a hearing, the trial court denied the parents’ motion on May 17,1996.
The parents appeal, raising one issue: whether the trial court erred in finding the minor child dependent and in removing the minor child from their custody without notifying them or their attorney of the May 6, 1996, hearing date.
Our supreme court has held:
“ ‘Ordinarily, a parent’s right to the custody of his minor child cannot be cut off except after due notice to the parent and opportunity to be heard. To do so would be to deprive him of his legal rights without due process of law. Due process, however, does not in every case require that the determination of the parent’s right to the custody of his child must precede any interference therewith. The child may be taken away from his custody provisionally by a summary proceeding, so long as an adequate remedy is available by which the parent may afterward have his rights presented to a proper tribunal. * * * ’ 39 Am.Jur. 604, § 17.”
Ex parte White, 245 Ala. 212, 215, 16 So.2d 500, 503 (1944). In situations where it appears that the actual health and physical well-being of the minor child are in danger, a trial court has the authority to make a temporary ruling concerning custody until a final determination can be made. Ex parte Williams, 474 So.2d 707 (Ala.1985); Williams v. Williams, 545 So.2d 83 (Ala.Civ.App.1989); Thorne v. Thorne, 344 So.2d 165 (Ala.Civ.App.1977).
Rule 14, Ala.R.Juv.P., states:
“Counsel shall enter his appearance in all court proceedings with the clerk of the court, or by appearing personally at a court hearing and advising the court that he is representing a party. Counsel who have appeared shall receive copies of all notices required by statute or rule to be given to parties, and, in such eases, notices need not be given to the parties unless the court shall so order. When counsel has entered an appearance or accepted an appointment, he shall not withdraw from the case without the consent of the court.”
(Emphasis added.) Our supreme court has consistently held that the word “shall” is mandatory when used in a rule promulgated by that court. Waites v. University of Alabama Health Services Foundation, 638 So.2d 838 (Ala.1994); Ex parte Head, 572 So.2d *635 1276 (Ala.1990); Jefferson County Commission v. F.O.P., 543 So.2d 198 (Ala.1989).
Further, our supreme court has held that as a general rule, no duty rests upon the court to advise a party of his or her scheduled trial date, but that “a party’s right to procedural due process is nonetheless violated if he is denied his day in court because the court, acting through its clerk, assumed the duty of notifying that party of his scheduled trial date and then negligently failed to do so.” Ex parte Weeks, 611 So.2d 259, 262 (Ala.1992).
The record reflects that the parents’ counsel had personally appeared at a court hearing and that he had made it known to the court at that time that he was representing the parents. The clerk of the court did not attempt to notify the parents’ counsel of the May 6, 1996, hearing. Additionally, the record reflects that the trial court, through its clerk, assumed the duty of notifying the parents of the scheduled hearing date, and that the notice sent to the parents was returned to the clerk because the clerk had used an incorrect zip code. The clerk made no further effort to contact the parents.
Based on the foregoing, we conclude that the clerk’s failure to notify the parents’ counsel or the parents of the May 6,1996, hearing denied the parents procedural due process. Ex parte Weeks, supra. Therefore, the judgment of the trial court is reversed and this cause is remanded for further proceedings.
REVERSED AND REMANDED WITH INSTRUCTIONS.
THIGPEN, YATES, MONROE, and CRAWLEY, JJ., concur.