The main opinion directs the trial court to vacate two orders: a September 1, 2004, ex parte order awarding custody of the child to the father and a September 8, 2004, order leaving the "status quo" in force. Unlike the main opinion, I believe that the September 1 order does not warrant mandamus relief.
The September 1 order was, as the main opinion notes, entered in the absence of notice to the mother and without affording her an opportunity to be heard. However, under Alabama law, because "`[d]ue process . . . *Page 726 
does not in every case require that the determination of the parent's right to the custody of his child must precede any interference therewith,'" a child may be taken from a party's custody "`provisionally'" by a summary proceeding "`so long as an adequate remedy is available by which the parent may afterward
have his rights presented to a proper tribunal.'" Ex parteWhite, 245 Ala. 212, 215, 16 So.2d 500, 503 (1944) (emphasis added; quoting 39 Am.Jur. Parent Child § 17 (1942)). Thus, in situations "where it appears the actual health and physical well-being of the child are in danger, the court has authority under Ex parte White, supra, to make a temporary grant of custody until a final determination can be made." Thorne v.Thorne, 344 So.2d 165, 170-71 (Ala.Civ.App. 1977); see alsoWilliams v. Williams, 545 So.2d 83, 84 (Ala.Civ.App. 1989) (verified petition averring custodial parent's violation of geographic restriction appearing in previous custody judgment warranted trial court's immediate issuance, without notice to custodial parent or hearing, of ex parte custody order).
The trial court in this case acted upon allegations made by the father in his custody petition and motion for an expedited hearing to the effect that the mother was mentally unstable, had committed acts of domestic violence in the child's presence, and had abused and had been addicted to drugs. Although the mother had not been served with copies of the father's petition and motion, the trial court, on the strength of the father's allegations, scheduled an expedited hearing for September 1 and then entered an ex parte custody order in the mother's absence after that hearing had taken place. The absence of an express
determination in the trial court's September 1 order regarding a threat to the health or well-being of the child is immaterial; because there is no statutory requirement that the trial court make express findings to support its ex parte award, I indulge the requisite presumption that the trial court made the findings necessary to support its order and that those findings are correct. See Ex parte Fann, 810 So.2d 631, 633, 636 (Ala. 2001), and Rule 52(a), Ala. R. Civ. P.
In light of White, Thorne, and Williams, the silence of the record as to what transpired at the September 1 ex parte hearing, and the extraordinary nature of mandamus relief, I cannot agree with the main opinion's view that the trial court's ex parte September 1 order was in error. Indeed, if that order had been the sole order presented for review, I would not have deemed the trial court to have abused its discretion.
However, regardless of whether the September 1 order was correctly or incorrectly entered, White mandates that where an ex parte custody order, such as the September 1 order, has been entered without notice and an opportunity to be heard, an adequate remedy must be made available after the entry of that order by which the custodial parent may assert his or her rights with respect to custody. In this case, it appears, at first glance, that the trial court afforded such an opportunity to the mother; that court appended, to its September 1 order, the notation "Order entered ex parte. To be reset upon service." The trial court then conducted a hearing on September 8 on the mother's "motion to reconsider" the September 1 order. However, and notably, the trial court thereafter entered an order that was based solely upon the arguments of counsel and that, by its terms, purported to "keep the status quo." It must be remembered that the "status quo" referred to by the trial court in its September 8 order had been achieved in the first instance only through the trial court's having *Page 727 
resorted to its extraordinary power to temporarily alter the parties' custodial arrangements by means of an ex parte custody order without notice to the custodial parent and a hearing.
In this case, the trial court's September 8 order indicates that it may have given preclusive effect to its ex parte September 1 order even though the father's unverified allegations giving rise to that order had not been tested in the crucible of the adversarial process. At the very least, the mother's contention appears to be valid that the trial court deemed the mother, and not the father, to have had the burden of proof at the September 8 hearing. Just as "a pendente lite order changing custody does not shift the burden of meeting the [applicable substantive] standard to the parent who temporarily loses custody by virtue of that order," D.P.M. v. D.B., 669 So.2d 191, 194
(Ala.Civ.App. 1995), an ex parte custody order in favor of a petitioner should not be construed as shifting the burden from the petitioner at a subsequent hearing to determine pendente lite custody.
Despite these apparent errors, had the trial court clearly afforded the parties an opportunity to present evidence at the September 8 hearing, instead of merely receiving arguments, its decision to maintain the "status quo" (i.e., to award the father pendente lite custody despite the mother's objections) might well have been proper if substantial evidence presented at that hearing supported the father's right to pendente lite custody. However, simply allowing the mother, at the first hearing at which she has been afforded notice and an opportunity to appear, the opportunity to present only arguments why an ex parte order should be set aside does not, in my view, fulfill the mandate in White that the custodial parent be afforded "`an adequate remedy . . . by which the parent may . . . have his rights presented to a proper tribunal.'" 245 Ala. at 215,16 So.2d at 503.
Because the main opinion directs the trial court to set aside its September 8 order, which I believe to be the operative pendente lite custody order and which I believe to have been entered in error, I concur in issuing the writ directing the trial court to vacate that order. I dissent as to issuing the writ as to the September 1 order. In stating these views, however, I express no opinion regarding the merits of the father's custody claims. In my view, the trial court may properly revisit the issue of pendente lite custody after conducting an evidentiary hearing pursuant to proper notice to both parties; I thus agree with the main opinion's direction that an evidentiary hearing be held on the father's request for pendente lite custody. Indeed, failure to hold such a hearing would contraveneWhite.