BRYAN, Judge.
 

 Anne Johnson (“Anne”), Henry Johnson (“Henry”), Eula M. Johnson (“Eula”), Marie Johnson (“Marie”), Edna Johnson Black (“Edna”), Edward Johnson (“Edward”), Daniel Johnson (“Daniel”), and Mary E. Robinson (“Mary”), who constitute 8 of the 10 joint owners of a 37-acre parcel of real property in Hale County (“the property”) appeal a judgment ordering the property sold to another 1 of the 10 joint owners of the property, Roosevelt Johnson (“Roosevelt”).
 
 [1]
 
 We affirm.
 

 On July 18, 2007, Anne sued Roosevelt, Henry, and Herbert Johnson (“Herbert”), the 10th joint owner of the property, seeking, among other things, an order compelling the harvesting and sale of the standing timber on the property and the distribution of the proceeds of that sale to the 10 joint owners of the property. Along with her complaint, Anne filed affidavits signed by Eula, Marie, Edna, Edward, Daniel, and Mary in which they stated that they were agreeing to transfer their interests in the property to Anne in order to facilitate the sale of the timber on the property. Anne also filed an affidavit she had signed in which she stated that she was agreeing to return to Eula, Marie, Edna, Edward, Daniel, and Mary their respective interests in the property as soon as the timber on the property had been sold. Roosevelt moved the trial court to dismiss Anne’s complaint on the grounds, among others, that no cognizable claim for a forced sale of timber existed under Alabama law and that Anne had failed to join necessary pai’ties.
 

 Thereafter, Anne amended her complaint to realign Henry as a plaintiff rather than a defendant. Along with the amendment of her complaint, Anne filed an affidavit signed by Henry in which he stated that he was agreeing to sell his interest in the property to Anne to facilitate the sale of the timber. Following a hearing on Roosevelt’s motion to dismiss, the trial court, on November 13, 2007, entered an order granting Anne 30 days to amend her complaint to add all necessary parties.
 

 On December 11, 2007, Anne amended her complaint to name Eula, Marie, Edna, Edward, Daniel, and Mary as additional plaintiffs and to seek an order compelling the sale for division of the property rather than a sale for division of the timber only. The trial court then denied Roosevelt’s motion to dismiss, and Roosevelt answered the complaint as amended.
 

 The trial court initially set the action for trial on February 5, 2008. Subsequently, however, the February 5, 2008, trial date was continued and the trial was set for June 12, 2008. On May 30, 2008, 13 days before the June 12 trial date, Roosevelt filed a notice of his intent to purchase the interests in the property owned by the other joint owners.
 
 [2]
 
 On June 11, one day
 
 *465
 
 before the June 12 trial date, Anne filed a notice of her intent to purchase the interests of the other owners of the property.
 
 [3]
 
 At trial on June 12, Roosevelt objected to Anne’s notice of intent to buy the interests of the other joint owners of the property on the ground that it was untimely because it had been filed less than 10 days before the June 12 trial date. The trial court then recessed the trial, appointed an appraiser to appraise the value of the property at Roosevelt’s expense, and ordered the parties to file briefs addressing the issue whether Anne had waived her right to purchase the interests of the other joint owners by filing her notice of intent less than 10 days before the June 12 trial date. On July 8, the trial court entered an order reconvening the trial on September 5, 2008.
 

 On July 11, Roosevelt filed a brief in which he argued that Anne’s notice of intent to purchase the interests of the other joint owners was invalid because it had been filed less than 10 days before the June 12 trial date. On July 18, Anne, Henry, Eula, Marie, Edna, Edward, Daniel, and Mary filed a brief in which they argued that Anne’s notice was valid even though it had been filed less than 10 days before the June 12 trial setting.
 

 The court-appointed appraiser filed an appraisal valuing the property at $86,000 on September 2, 2008. At the reconvened trial on September 5, 2008, the parties stipulated that the property was jointly owned by Anne, Henry, Eula, Marie, Edna, Edward, Daniel, Mary, Roosevelt, and Herbert and that the property could not be equitably divided among them. On September 9, 2008, the trial court entered a judgment ruling that Roosevelt had timely invoked his right to purchase the property pursuant to § 35-6-100 by filing his notice of intent to purchase the interests of the other joint owners not less than 10 days before the June 12 trial date; ruling that Anne, by filing her notice of intent to purchase the interests of the other joint owners less than 10 days before the June 12 trial date, had waived her right to purchase the interests of the other joint owners; and directing the circuit-court clerk, subject to Roosevelt’s paying $36,000 into court within 30 days, to execute a deed conveying the property to Roosevelt and to distribute to the joint owners of the property in pro rata shares the balance of the $36,000 after payment of certain fees.
 

 On September 15, 2008, Anne, Henry, Eula, Marie, Edna, Edward, Daniel, and Mary appealed to the supreme court. On September 17, 2008, Anne, Henry, Eula, Marie, Edna, Edward, Daniel, and Mary filed a Rule 59(e), Ala. R. Civ. P., motion to vacate the judgment entered by the trial court.
 
 [4]
 
 The Rule 59(e) motion alleged that
 
 *466
 
 only Anne had instructed their attorney to amend their complaint to seek a sale for division of the property rather than a sale for division of the timber only and that Anne was mistaken in believing that she had the authority of Henry, Eula, Marie, Edna, Edward, Daniel, and Mary to instruct their attorney to amend the complaint in that regard. In support of the Rule 59(e) motion, Anne, Henry, Eula, Marie, Edna, Edward, Daniel and Mary filed affidavits signed by Eula, Marie, Edna, and Mary in which they stated that they had given Anne authority to instruct their attorney to seek a sale for division of the timber on the property only and an affidavit signed by Anne in which she stated that she was mistaken in believing that Henry, Eula, Marie, Edna, Edward, Daniel and Mary had given her authority to instruct their attorney to seek a sale for division of the property. Because the trial court did not rule on the Rule 59(e) motion, it was denied by operation of law pursuant to Rule 59.1, Ala. R. Civ. P., on the 90th day after it was filed.
 
 [5]
 
 The notice of appeal filed by Anne, Henry, Eula, Marie, Edna, Edward, Daniel and Mary then became effective pursuant to Rule 4(a)(5), Ala. R.App. P.
 
 [6]
 
 The supreme court subsequently transferred the appeal to this court pursuant to § 12-2-7(6), Ala.Code 1975.
 

 The standard of review in this appeal is
 
 de novo:
 

 “When a trial judge’s ruling is
 
 not
 
 based substantially on testimony presented live to the trial judge, review of factual issues is
 
 de novo. Eubanks v. Hale,
 
 [752] So.2d [1113] (Ala.1999). ‘[W]here the trial court’s ruling rests upon a construction of facts indisputably established, this Court indulges no presumption of correctness in favor of the lower court’s ruling.’
 
 Alabama Farm Bureau Mut. Cas. Ins. Co. v. Dyer,
 
 454 So.2d 921, 923-24 (Ala.1984). See also,
 
 Beavers v. Walker County,
 
 645 So.2d 1365, 1372 (Ala.1994) (‘[Wjhere the facts are not disputed the
 
 ore tenus
 
 standard does not apply.’). ‘ “[W]hen a trial court sits in judgment on facts that are undisputed, an appellate court will determine whether the trial court misapplied the law to those undisputed facts.” ’
 
 Harris v. McKenzie,
 
 703 So.2d 309, 313 (Ala.1997) (quoting
 
 Craig Constr. Co., Inc. v. Hendrix,
 
 568 So.2d 752, 756 (Ala.1990)). The
 
 ore tenus
 
 ‘standard’s presumption of correctness has no application to a trial court’s conclusions on questions of law.’
 
 Beavers,
 
 645 So.2d at 1372. ‘[0]n appeal, the ruling on a question of law carries no presumption of correctness, and this Court’s review is
 
 de novo.’ Ex
 
 
 *467
 

 parte Graham,
 
 702 So.2d 1215, 1221 (Ala.1997).”
 

 Rogers Found. Repair, Inc. v. Powell,
 
 748 So.2d 869, 871 (Ala.1999).
 

 Anne, Henry, Eula, Marie, Edna, Edward, Daniel, and Mary first argue that the trial court erred in concluding that Anne’s notice of intent to purchase the interests of the other joint owners was not timely. Citing
 
 Scott Paper Co. v. Griffin,
 
 409 So.2d 1375, 1379 (Ala.1982), Anne, Henry, Eula, Marie, Edna, Edward, Daniel, and Mary argue that Anne’s notice was timely filed because it was not filed less than 10 days before September 5, 2008, which was the final trial date. In
 
 Scott Paper Co. v. Griffin,
 
 the supreme court held that, when the original trial setting in a sale-for-division action was continued, § 35-6-100 required that notices of intent to purchase the interests of the other joint owners be filed not less than 10 days before the date to which the trial was continued rather than not less than 10 days before the date on which the trial was originally set. Anne, Henry, Eula, Marie, Edna, Edward, Daniel, and Mary argue that the case now before us is analogous to
 
 Scott Paper Co. v. Griffin;
 
 they argue that, in the case now before us, the original trial setting of February 5, 2008, was continued until June 12, 2008, and then continued a second time to September 5, 2008, and, therefore, they assert, under the holding in
 
 Scott Paper Co. v. Griffin,
 
 Anne’s notice was timely because it was filed not less than 10 days before September 5, 2008. However, the record in the case now before us indicates that the parties appeared for trial on June 12, 2008; that Roosevelt objected to Anne’s notice at the trial on June 12, 2008; and that the trial court recessed the trial so that the parties could brief the issue whether Anne’s notice was untimely. A recess of a trial differs from a continuance of a trial. A recess of a trial is a break in a trial that has commenced, while a continuance is a postponement of a trial that has not commenced.
 
 See Black’s Law Dictionary
 
 1297 and 339 (8th ed.2004). Accordingly, applying the holding in
 
 Scott Paper Co. v. Griffin
 
 to the case now before us, we conclude that the continuance of the original trial date of February 5, 2008, to June 12, 2008, made the June 12, 2008, trial date the operative trial date for purposes of § 35-6-100; however, the recess of the June 12, 2008, trial until September 5, 2008, did not make the resumption of the trial on September 5, 2008, the operative trial date for purposes of § 35-6-100. Therefore, the trial court correctly concluded that Anne’s notice was untimely because it was filed less than 10 days before the June 12, 2008, trial date.
 

 The second argument presented by Anne, Henry, Eula, Marie, Edna, Edward, Daniel, and Mary is that Henry, Eula, Marie, Edna, Edward, Daniel, and Mary were “oblivious to the sale and thought that they had only agreed to the sale of the timber” and “would have objected to the sell [sic] of the property or would have attempted to purchase the property themselves” if they had known that their amended complaint sought a sale for division of the property. However, they do not dispute that the amended complaint seeking a sale for division of the property was filed on their behalf by an attorney who represented them. Indeed, that same attorney continues to represent them in their appeal to this court. In
 
 SouthTrust Bank v. Jones, Morrison, Womack & Dearing, P.C.,
 
 939 So.2d 885, 903 (Ala.Civ.App.2005), this court stated:
 

 “ ‘[A]n attorney is the duly authorized agent of his client and
 
 his acts are those of his client.
 
 The client is, therefore,
 
 bound by the acts of his attorney in the course of legal proceedings in the ab
 
 
 *468
 

 sence of fraud, or collusion,
 
 and
 
 knowledge of the attorney is imputed to the client, notwithstanding the client had no actual knowledge or notice of the facts and circumstances.’
 
 ”
 

 (Quoting
 
 Ex parte Aaron,
 
 275 Ala. 377, 379, 155 So.2d 334, 335 (1963) (Merrill, J., concurring specially)) (emphasis added). The record contains affidavits signed by Eula, Marie, Edna, and Mary in which they stated that they had given Anne authority to instruct their attorney to seek a sale for division of the timber on the property only and an affidavit signed by Anne in which she stated that she was mistaken in believing that Henry, Eula, Marie, Edna, Edward, Daniel and Mary had given her authority to instruct their attorney to seek a sale for division of the property; however, the record does not contain any evidence indicating that the filing of the amended complaint seeking a sale for division of the property was a result of fraud or collusion. Consequently, the filing of that complaint by the attorney representing Henry, Eula, Marie, Edna, Edward, Daniel, and Mary is deemed to be their act and their attorney’s knowledge of the filing of that amended complaint is imputed to them even if they did not have actual knowledge of it.
 
 SouthTrust Bank v. Jones, Morrison, Womack & Dearing, P.C.,
 
 supra.
 

 Accordingly, we affirm the judgment of the trial court.
 

 AFFIRMED.
 

 THOMPSON, P.J., and PITTMAN, THOMAS, and MOORE, JJ., concur.
 

 [1]
 

 . The 10th joint owner of the property is Herbert Johnson. Herbert did not participate in the proceedings below, and he has not filed a brief with this court. The 10 joint owners are siblings.
 

 [2]
 

 . Section 35-6-100, Ala.Code 1975, provides:
 

 “Upon the filing of any petition for a sale for division of any property, real or personal, held by joint owners or tenants in common, the court shall provide for the purchase of the interests of the joint owners or
 
 *465
 
 tenants in common filing for the petition or any others named therein who agree to the sale by the other joint owners or tenants in common or any one of them. Provided that the joint owners or tenants in common interested in purchasing such interests shall notify the court of same not later than 10 days prior to the date set for trial of the case and shall be allowed to purchase whether default has been entered against them or not.”
 

 [3]
 

 . The literal language of § 35-6-100 does not provide that a joint owner who brings the sale-for-division action has a right to purchase the interests of the other joint owners; however, the Alabama Supreme Court, in
 
 Jolly
 
 v.
 
 Knopf,
 
 463 So.2d 150 (Ala.1985), held that § 35-6-10Ó would violate the right to equal protection of a joint owner who brings the sale-for-division action unless he or she were afforded the right to purchase the interests of the other joint owners under § 35-6-100.
 

 [4]
 

 . Under Rule 4(a)(5), Ala. R.App. P., the filing of the Rule 59(e) motion caused the notice of appeal to be held in abeyance pending the
 
 *466
 
 resolution of the Rule 59(e) motion. Rule 4(a)(5) provides:
 

 "A notice of appeal filed after the entry of the judgment but before the disposition of all post-judgment motions filed pursuant to Rules 50, 52, 55, and 59, Alabama Rules of Civil Procedure, shall be held in abeyance until all post-judgment motions filed pursuant to Rules 50, 52, 55, and 59 are ruled upon; such a notice of appeal shall become effective upon the date of disposition of the last of all such motions.”
 

 [5]
 

 . Rule 59.1, Ala. R. Civ. P., provides:
 

 “No post-judgment motion filed pursuant to Rules 50, 52, 55, or 59 shall remain pending in the trial court for more than ninety (90) days,
 
 unless with the express consent of all the parties, which consent shall appear of record, or unless extended by the appellate court to which an appeal of the judgment would lie, and such time may be further extended for good cause shown.
 
 A failure by the trial court to dispose of any pending post-judgment motion within the time permitted hereunder,
 
 or any extension thereof,
 
 shall constitute a denial of such motion as of the date of the expiration of the period."
 

 (Emphasis added.)
 

 [6]
 

 . See note 4, supra.