BRYAN, Judge.[1]
Shayla Nyree Nettles Edwards (“the mother”) appeals from a judgment of the Montgomery Circuit Court that divorced her from Shawn Andre Edwards (“the father”) insofar as it awarded the father custody of the parties’ child. We affirm.
The father filed a complaint for a divorce from the mother on February 17, 2009. In his complaint, the father alleged that he and the mother were married on or about June 18, 1999, and that they had separated on or about September 12, 2007. The father further alleged that one child, a boy born in July 1999 (“the child”), had been born during the parties’ marriage, that the mother was exercising custody of the child, and that the mother had denied him reasonable visitation with the child. The father also stated that the parties had no joint property or debts to divide. The father requested that the trial court award the parties joint legal custody of the child and award him reasonable visitation with the child. On April 23, 2009, the mother, through counsel, answered the father’s complaint for a divorce.
The trial court conducted an ore tenus hearing on August 3, 2009. The father, the father’s attorney, and the mother’s attorney were present for the hearing, but the mother was not. The mother’s attorney stated on the record that she had not been in contact with the mother since the mother hired her, but, she stated, she had sent the mother letters and had tried unsuccessfully to contact the mother by telephone. The father testified that the mother had committed adultery during the parties’ marriage, that he did not approve of the mother’s actions, and that the mother had given birth to a daughter as a result of her adulterous affair. The father testified that the mother was living with her paramour, their daughter, and the child, who was approximately 10 years old at the time of the hearing. The father *631 stated that the mother’s paramour was a registered sex offender.
The father acknowledged that he had asked for only joint legal custody of the child and visitation with the child in his complaint for a divorce, but he requested physical custody of the child during his testimony at the ore tenus proceeding. After the trial-court judge clarified that the father was seeking physical custody of the child, the father indicated that he could provide a more stable environment for the child and that he was concerned about the child’s living arrangements while in the mother’s custody. On cross-examination by the mother’s attorney, the father admitted that he had known that the mother’s paramour was a registered sex offender for approximately two years before the hearing. Upon questioning from the trial-court judge, the father stated that he lived in a three-bedroom home with his grandparents, that he provided health insurance for the child, and that his work hours permitted him to take the child to and from school.
On August 4, 2009, the trial court entered a judgment divorcing the parties. The father was awarded sole legal and physical custody of the child. The mother was awarded visitation with the child, with the condition that the child was not to be in the presence of the mother’s paramour. The mother, acting pro se, filed a post-judgment motion in accordance with Rule 59, Ala. R. Civ. P. The mother alleged that she had not been notified of the “custody hearing,” that the father had misled the trial court about his work hours and his current residence, and that the father had not provided support for the child after October 1, 2007. On August 26, 2009, the trial court denied the mother’s postjudgment motion, and the mother timely appealed.
On appeal, the mother argues that her due-process rights were violated when the trial court awarded the father sole custody of the child because she was not given notice or an opportunity to be heard on the issue of the child’s custody. The mother argues that she did not receive notice of the time and date of the hearing and that she did not receive adequate notice that the father was requesting physical custody of the child. The mother, citing Ex parte Harris, 506 So.2d 1003, 1005 (Ala.Civ.App.1987), argues that a final judgment concerning custody or visitation rights may be made only after due process is afforded to the parents. See also Ex parte White, 245 Ala. 212, 215, 16 So.2d 500, 503 (1944) (“Any final order as to the child’s custody could only be made after notice.”).
Regarding the mother’s argument that she did not receive proper notice of the time and date of the hearing, the prevailing rule in Alabama is that “a litigant, usually through an attorney, has [the] responsibility for keeping track of his case and knowing its status.” D. & J. Mineral & Mining, Inc. v. Wilson, 456 So.2d 1099, 1100 (Ala.Civ.App.1984). It is also well established that notice of a trial date given to a party’s attorney is generally accepted to constitute notice of the trial date to the party. See Shirley v. McDonald, 220 Ala. 50, 53, 124 So. 104, 106 (1929) (“[C]ounsel’s knowledge ... of the date of trial, must be imputed to [the] defendant as a matter of law.... ”); Anderson v. Anderson, 250 Ala. 427, 430, 34 So.2d 585, 587 (1948) (when the plaintiffs attorney had notice of all the proceedings, our supreme court concluded that the plaintiff also had notice of the proceedings); and Ex parte Cox, 253 Ala. 647, 650, 46 So.2d 417, 420 (1950) (“It is thoroughly well established that [the] defendant’s ignorance of the date of trial or of the order of the court as to the definite time for *632 disposing of the case is not a proper ground for a new trial, particularly where [the] defendant’s attorney of record was informed by the court or clerk as to the time set for its disposition.”). See also Sanders v. Flournoy, 640 So.2d 933, 939 (Ala.1994) (“Knowledge of the attorney will be imputed to the client if the knowledge comes to the attorney while engaged in a service for the client after the attorney-client relationship has commenced”). It was undisputed that the mother’s attorney had received notice of the time and date of the hearing and that the mother’s attorney was present for that hearing. Applying those general principles of law to the present case, we cannot conclude that the mother did not receive adequate notice of the time and date of the hearing.
The mother also argues that she did not receive adequate notice of the father’s request for physical custody of the child because the father sought only joint legal custody and visitation in his complaint for a divorce and he did not request physical custody of the child until the hearing was in progress. In support of her argument, the mother cites Thorne v. Thorne, 344 So.2d 165 (Ala.Civ.App.1977), Taylor v. Taylor, 349 So.2d 588 (Ala.Civ.App.1977), and Anonymous v. Anonymous, 353 So.2d 515 (Ala.1977). However, we find the facts of each of those cases distinguishable from the facts of the present case.
In Taylor v. Taylor, this court found that the trial court had erred by changing custody of a child following a hearing that was initially conducted on a petition for a rule nisi. 349 So.2d at 590. However, in that case, this court noted that the mother’s attorney had specifically objected to the father’s oral motion to modify custody. Id. In the present case, there is no such objection to the father’s request for physical custody during the ore tenus hearing. In Anonymous v. Anonymous, our supreme court reversed a custody determination that awarded custody of a child to the child’s paternal grandparents, who were not parties to the underlying custody dispute between the child’s parents, because the parents were not given adequate notice that an award of custody to the paternal grandparents was being considered. 353 So.2d at 518-19. Anonymous is also distinguishable from the present case because custody in this case was not awarded to a nonparty. Finally, the mother cites Thorne v. Thorne, which our supreme court relied on in Anonymous, supra. In Thorne, the father, the noncustodial parent, petitioned the trial court to issue an order “insuring” his visitation rights; during the hearing on his petition, the trial court asked the father’s wife if she and the father could care for the children and if she thought that the best interests of the children would be served by removing the children from the mother’s custody. The trial court then modified custody of the parties’ children from the mother to the father. This court held that those two questions did not provide adequate notice to the mother that the issue of custody was going to be decided. Again, the present case is distinguishable because the father in this case unequivocally stated on the record during his testimony that he was requesting physical custody of the child; the father’s request left no question about what issues were before the court at the conclusion of the hearing.
We find the fact that the mother’s attorney did not state an objection on the record to the father’s specific request for physical custody dispositive of the mother’s argument that she did not receive adequate notice of the father’s request for physical custody of the child. Despite the fact that the father did not request physical custody of the child in his pleadings *633 before the trial court, the record on appeal clearly reflects that the father stated his desire to be awarded physical custody of the parties’ child during the hearing. Thus, the burden fell to the mother, through her attorney, to object to the father’s request for physical custody when he provided notice of his desire to be awarded physical custody of the child. The record reflects that no objection to the father’s request was made and that the mother’s attorney, once aware of the father’s request for physical custody, proceeded to cross-examine the father. Thus, it is undisputed that the mother’s attorney was aware, i.e., given notice, of the fact that the father was seeking physical custody of the child. Accordingly, because the mother failed to object to the father’s request for physical custody, we must assume that the issue was tried by the implied consent of the parties. See Rule 15(b), Ala. R. Civ. P. (“When issues not raised by the pleadings are tried by the express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings.”); and A.L. v. S.J., 827 So.2d 828, 833 (Ala.Civ.App.2002) (in a custody-modification proceeding between the mother and the father, in which the paternal grandmother sought custody of the child “through her testimony” and neither the father nor the mother objected to the paternal grandmother’s presentation of evidence, this court concluded that the paternal grandmother’s request for custody was tried by the implied consent of the parties pursuant to Rule 15(b)). See also Johnson v. Johnson, 24 So.3d 463, 467-68 (Ala.Civ.App.2009) (quoting SouthTrust Bank v. Jones, Morrison, Womack & Dearing, P.C., 939 So.2d 885, 903 (Ala.Civ.App.2005), quoting in turn Ex parte Aaron, 275 Ala. 377, 379, 155 So.2d 334, 335 (1963) (Merrill, J., concurring specially)) (“ ‘ “[A]n attorney is the duly authorized agent of his client and his acts are those of his client. The client is, therefore, bound by the acts of his attorney in the course of legal proceedings in the absence of fraud or collusion, and knowledge of the attorney is imputed to the client, notwithstanding the client had no actual knowledge or notice of the facts and circumstances.” ’ ”).
This conclusion does not change the position expressed by this court in Sumlin v. Sumlin, 931 So.2d 40 (Ala.Civ.App.2005), that in cases involving custody of a minor child every attempt should be made to reach the merits of the case before a final custody determination is made. Sumlin involved the entry of a default judgment of divorce that awarded custody of the parties’ minor child to the husband after the wife and her attorney had failed to appear at the final hearing. The present case is distinguishable from Sumlin in that no default judgment was entered in this case because both parties appeared, whether in person or through counsel. Furthermore, in the present case, the mother’s attorney was given the opportunity to cross-examine the father after he requested physical custody of the child. Thus, unlike in Sum-lin, custody of the child was not awarded to the father following a summary proceeding in which the mother was not given notice or the opportunity to be heard. The record in this case reflects that notice of the hearing was imputed to the mother through her counsel and that notice of the father’s request for physical custody was properly given at the hearing pursuant to Rule 15(b). We will not reverse the judgment of the trial court because the mother failed to take advantage of the notice and the opportunity to be heard that was provided to her.[2]
*634 In her brief on appeal, the mother concedes that the father introduced evidence sufficient to support an award of custody to the father. Accordingly, because the mother has failed to demonstrate that her due-process rights were violated by the entry of the divorce judgment, the judgment of the trial court is due to be affirmed.
AFFIRMED.
THOMAS and MOORE, JJ., concur.
PITTMAN, J., dissents, with writing, which THOMPSON, P.J., joins.

. This case was previously assigned to another judge of this court. This case was reassigned to Judge Bryan on July 8, 2010.

. This case should not be analyzed as a default-judgment case, as the dissent argues. There was not a default judgment enteredin this case; the trial court conducted a hearing, counsel for the mother participated in that hearing by cross-examining the father, and a *634 judgment that was supported by the evidence presented by the father was entered. In such cases, we must affirm. See D. & J. Mineral & Mining, Inc. v. Wilson, 456 So.2d at 1101 (affirming a judgment when counsel for absent party participated in final hearing by cross-examining the party present at the hearing and the judgment entered was supported by the evidence presented).