PITTMAN, Judge.
Teresa Norlander (“the mother”) petitions this court to issue a writ of mandamus directing the Cullman Circuit Court to vacate its ex parte order awarding pen-dente lite custody of the parties’ 10-year-old son to Daniel Norlander (“the father”). For the reasons set forth below, we grant the petition and issue the writ.
Fads and Procedural Histonj
On October 26, 2011, the father filed a divorce complaint and a motion for immediate pendente lite relief, seeking custody of the child, possession and exclusive use of the marital residence, and a temporary restraining order prohibiting the mother from harassing, threatening, or interfering with the father. In support of his motion for pendente lite custody, the father alleged the following: that the mother was mentally unstable and unable to provide a safe environment for the child; that the mother had directed “violent fits or rage” at the father and had threatened to take the child away from him; that the mother had created a “fantasy world” based on a delusion that the father and his family were conspiring to ruin her reputation; that the mother had disparaged the father and his family members in the presence of the child, once having referred to the paternal grandmother as a “slut” in the presence of the child, resulting, the father said, in his having to explain to the child the meaning of the word “slut”; that the mother had not allowed the child to see his paternal grandparents since May 2009; that the mother had screamed at the father in the presence of the child and had called the father “evil,” a “narcissist,” and “a pathological liar” — conduct that, the father alleged, was adversely and irreparably damaging the child; that the mother had refused to seek treatment to determine whether she had a mental illness; that the mother was homeschooling the child and was, therefore, in a position to influence the child by her delusional conduct and that, according to the father, the child was beginning to believe the mother’s delusions; and, finally, that the father was “fearful as to what [the mother would] do to [him] and [to the child] once she was served with the complaint and the motion for immediate relief.”
The trial court entered an ex parte order granting the father’s motion for pen-dente lite relief the same day it was filed. The mother was served with the divorce complaint two days later on October 28, 2011. On November 4, 2011, the mother filed a motion to set aside the ex parte order, filed her own motion for pendente lite custody and child support, and filed a motion requesting the issuance of mutual restraining orders prohibiting the parties from harassing, annoying, or demeaning each other. The mother attached to her motion to set aside the ex parte order that had been issued in favor of the father on his request for pendente lite custody a certified copy of a similar motion that the father had filed, along with a divorce complaint, in May 2009. The grounds stated in the father’s 2011 motion for pendente lite custody are identical to the grounds stated in his 2009 motion for pendente lite custody. The mother also attached to her motion copies of letters allegedly sent by the father to her, to his parents, and to his clergyman after he had dismissed his 2009 divorce complaint. Those letters purportedly contain the father’s admission that he is a “pathological liar”; the father’s apology for the “false” assertions concerning *185 the mother in the 2009 pleadings; and the father’s acknowledgment that he, rather than the mother, was suffering from “mental problems” that, according to the letters, were caused by “brain damage” occasioned by the father’s drug use.
The father filed a response to the mother’s motion to set aside the ex parte order, asserting that the statements he had made in the correspondence attached to the mother’s motion had not been made under oath and had merely reflected his efforts in 2009 “to save his marriage” and “to appease [the mother].” The father asserted that the allegations he had made in 2011 concerning the mother’s conduct were essentially the same as the allegations he had made in 2009 because, he said, the mother had simply “never changed her conduct.”
The trial court denied all the mother’s motions on November 16, 2011. The mother filed a timely petition for a writ of mandamus in this court on November 18, 2011.

Standard of Revieiv

“Mandamus is a drastic and extraordinary writ, to be issued only where there is (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and properly invoked jurisdiction of the court.” Ex parte Integon Corp., 672 So.2d 497, 499 (Ala.1995).

Discussion

In Ex parte Williams, 474 So.2d 707, 710 (Ala.1985), our supreme court held that “a parent having custody of a minor child cannot be deprived of that custody, even temporarily, without being given adequate notice under Rules 4 and 5, [Ala.] R. Civ. P., and an opportunity to be heard.” The only exception to that rule is a situation in which “the actual health and physical well-being of the child are in danger.” Id. (emphasis omitted; quoting Thorne v. Thorne, 344 So.2d 165, 171 (Ala.Civ.App.1977)). See also Ex parte Franks, 7 So.3d 391 (Ala.Civ.App.2008), and Ex parte Russell, 911 So.2d 719 (Ala.Civ.App.2005).
Taking as true all the father’s assertions concerning the mother’s conduct and the alleged effect of that conduct on the child, the assertions are simply insufficient, either singly or in combination, to infer a danger to the child’s “actual health and physical well-being.” The father’s allegations amount to no more than a description of the mother’s verbal display of anger at the father, accompanied by shouting, insults, and disparagement of the father’s family members. That such rancor would be displayed in the presence of the parties’ child is unfortunate, but, we daresay, it is hardly unheard-of between spouses who are on the threshold of a divorce.
The father’s motion for immediate pen-dente lite relief “vehemently denie[d] that any physical abuse had occurred during the parties’ marriage.” Cf. Ex parte Russell, 911 So.2d at 720 (granting the mother’s petition and issuing a writ of mandamus directing the trial court to vacate its ex parte order removing custody from the mother, despite the father’s assertion that the mother had “ ‘committed acts of violence upon him ... in the presence of ... the parties’ minor child’ ”). In Russell, this court discounted the father’s allegation that the mother had committed an act of domestic violence sufficient to render her a danger to the child’s physical health and well-being because the father had “not initiate[d] [the custody-modification proceeding in which he sought ex parte relief] until two weeks after the alleged act of domestic violence had occurred.” 911 So.2d at 723. The inference that could *186 have been drawn from the fact that the father in Russell waited two weeks after an alleged domestic-violence incident to seek an immediate, emergency pendente lite custody order — ie., that there was no immediacy or emergency and, thus, that there was no merit in the allegation that the mother presented a threat to the child’s physical health and well-being — is much stronger in the present case. Here, the father alleged, in both 2009 and 2011, that the mother’s mental instability rendered her unable to provide a safe environment for the child. However, the father’s permitting the mother to maintain, throughout the two-year period between 2009 and 2011, constant daily contact with the child by homeschooling the child is at odds with the father’s allegation.
The father argues that the rule announced in Ex parte Williams — that “a parent having custody of a minor child cannot be deprived of that custody, even temporarily, without being given adequate notice ... and an opportunity to be heard” — does not apply in this case because, he says, the ex parte custody order in this original divorce proceeding did not have the effect, as the ex parte order in Ex parte Williams did, of modifying a previous judgment awarding custody to a parent. That argument — the acceptance of which would result in the absurd declaration that married parents do not have “custody” of their children and that neither member of a couple that is separated has custody of his or her children until the order of a court makes it so — is belied by our decision in Ex parte Franks, supra, also an original divorce proceeding in which the first and only custody order at issue was the ex parte pendente lite order in favor of the mother and in which this court repeated the well-established rule set out in Ex parte Williams:
“In the absence of allegations indicating that the ‘actual health and physical well-being of the minor child are in danger,’ the trial court was without authority to enter an order removing custody from the father without affording the father notice and an opportunity to be heard. Ex parte Williams, 474 So.2d at 710; Thorne v. Thorne, 344 So.2d at 171.”
7 So.3d at 395 (emphasis added).
The father contends that the mother is not entitled to relief by way of the petition for the writ of mandamus because, he says, she has other remedies available to her, specifically, “the right to request a hearing on the issue of temporary custody” or “a trial on the merits.” The mother is seeking to have the trial court’s interlocutory order, which was entered without notice to her and without a hearing, set aside; her right to request a hearing on pendente lite custody or permanent custody does not amount to a remedy for the unlawful issuance of the ex parte order. Mandamus is the proper vehicle to review an interlocutory order in a divorce action that results in the denial of due process. See Ex parte Franks, 7 So.3d at 396.
We hold that the allegations in the father’s October 26, 2011, motion were insufficient to warrant the entry of the penden-te lite custody order of that same date without providing the mother with notice and the opportunity to be heard. We, therefore, grant the petition and direct the Cullman Circuit Court to vacate its October 26, 2011, order and to conduct a hearing on the mother’s November 4, 2011, motions.
PETITION GRANTED; WRIT ISSUED.
THOMPSON, P.J., and BRYAN and MOORE, JJ., concur.
THOMAS, J., recuses herself.