PER CURIAM.
Kelly Couey (“the mother”) petitions this court for a writ of mandamus directing the Morgan Circuit Court (“the trial court”) to set aside an ex parte custody order that awarded pendente lite custody of the parties’ two children to Joshua Couey (“the father”). We grant the petition and issue the writ.
The materials attached to the mother’s petition reveal that the father and the mother were divorced by the trial court in February 2012. Pursuant to an agreement of the parties that was incorporated into the divorce judgment, the parties were awarded joint legal custody of their two children, and the mother was awarded primary physical custody of the children. On August 27, 2012, the father filed a verified custody-modification petition seeking, among other things, “emergency” temporary custody of the children, who were ages 12 and 9 years old at the time; the copy of the father’s custody-modification petition included in the materials before this court does not contain a certificate of service reflecting that the mother was served with a copy of the petition. In his petition seeking custody, the father alleged that the mother had been acting irrationally and engaging in threatening conduct that had led him to call law enforcement on three occasions; that the mother had been intoxicated over the Memorial Day weekend and that she had come to his residence and had threatened to drive away with the children in her intoxicated state; and that, on the same weekend, the mother called the parties’ older child and told him “bye, I won’t ever see you again.' I am going to take pills and end it all.” The father further alleged that the mother had told the children that she had purchased a “pink handgun,” despite the fact that, according to the father, the mother had no need for a handgun and had no training in how to use the handgun. The father further complained that the mother had made harassing telephone calls, that she had insisted that the father not have female guests at his home while the children were present, and that she had threatened at least one female guest at his home. Finally, the father alleged that the mother would not “let the children play outside because of conflicts with neighbors” and that the mother had difficulty controlling or disciplining the children, resulting in her having telephoned him to request that he come to her residence to “make them mind.”
In response to the father’s, petition, the trial court entered an ex parte pendente lite custody order on August 31, 2012, in which it awarded the father “full” custody of the children, awarded the mother only supervised visitation, and permitted the father to determine the “time, place, and circumstances” under which the mother’s visitation was to occur. The trial court set the case for a hearing on November 13, 2012.
The mother filed a timely petition for a writ on mandamus in this court, and she seeks an order directing the trial court to set aside the ex parte custody order. Our standard of review in such cases was set *380 forth in Ex parte Norlander, 90 So.3d 183 (Ala.Civ.App.2012), as follows:
“ ‘Mandamus is a drastic and extraordinary writ, to be issued only where there is (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and properly invoked jurisdiction of the court.’ ”
Id. at 185 (quoting Ex parte Integon Corp., 672 So.2d 497, 499 (Ala.1995)).
The mother argues that the allegations in the father’s custody-modification petition are insufficient to deprive her of her right to notice and the opportunity to be heard before being deprived of the custody of her children. She relies on this court’s recent decision in Ex parte Norlander, supra. In Norlander, the trial court granted the father’s request for immediate custody of the parties’ child. Id. at 184. The mother filed a petition for the writ of mandamus with this court, seeking to set aside the trial court’s order. Id. at 185. In determining that the writ should be issued, we discussed our supreme court’s decision in Ex parte Williams, 474 So.2d 707, 710 (Ala.1985), as follows:
“In Ex parte Williams, ... our supreme court held that ‘a parent having custody of a minor child cannot be deprived of that custody, even temporarily, without being given adequate notice under Rules 4 and 5, [Ala.] R. Civ. P., and an opportunity to be heard.’ The only exception to that rule is a situation in which ‘the actual health and physical well-being of the child are in danger.’ Id. (emphasis omitted; quoting Thorne v. Thorne, 344 So.2d 165, 171 (Ala.Civ.App.1977)). See also Ex parte Franks, 7 So.3d 391 (Ala.Civ.App.2008), and Ex parte Russell, 911 So.2d 719 (Ala.Civ.App.2005).”
Ex parte Norlander, 90 So.3d at 185.
The allegations against the mother in this case are that she had been intoxicated and had threatened to drive off with the children on Memorial Day weekend, that she had told the older child that she intended to commit suicide, that she had purchased a “pink handgun,” that she had insisted that the father not have female guests when the children are at his home, that she had threatened at least one female guest, that she had made harassing telephone calls, that she had refused to allow the children to play outside, and that she had difficulty controlling or disciplining the children. The mother argues that none of the allegations made in the father’s custody petition rise to the level sufficient to support an ex parte custody award. We agree. Although some of the mother’s conduct could certainly be described as inappropriate or inconsistent with acting in the best interest of the children, the father’s allegations, considered independently and as a whole, do not rise to a level that would support a conclusion that the actual health and physical well-being of the children have been impacted by the mother’s behavior such that the mother was not entitled to be afforded notice and an opportunity to be heard before the children were removed from her custody.
We note that the most serious allegation the father made against the mother, i.e., her attempt to drive the children in her vehicle while she was intoxicated, occurred approximately three months before the father filed his petition for custody.[1] In previous cases, including Norlander, 90 So.3d at 185-86, and Ex parte Russell, 911 So.2d 719, 723 (Ala.Civ.App.2005), this court has considered the length of time *381 between the act or behavior of a custodial parent that allegedly placed the children’s actual health and physical well-being in danger and the date that the noncustodial parent requested ex parte custody of the child based on the custodial parent’s behavior as an indicator of whether there was an emergency that would merit removing a child from the custodial parent’s custody without providing the custodial parent with notice and an opportunity to be heard. The fact that the father waited approximately three months after the mother allegedly attempted to drive the children while she was intoxicated is highly indicative that the actual health and physical well-being of the children were not in such immediate danger that an ex parte custody order was necessary.
The father argues that the mother was not denied due process because, “out of an abundance of caution and concern for [the mother]’s parental and constitutional rights, the [trial] court immediately set its ex parte award of [pendente lite] custody for review with all the parties present.” We note, however, that the trial court set the matter for a hearing on November IB, 2012, more than 10 weeks after the ex parte order was entered. In the Alabama Juvenile Justice Act, § 12-15-101 et seq., Ala.Code 1975, our legislature determined that a parent is entitled to a hearing within 72 hours from the time that the parent’s child is removed from his or her custody. See § 12-15-308(a), Ala.Code 1975 (“When a child alleged to be dependent has been removed from the custody of the parent ... and has not been returned to same, a hearing shall be held within 72 hours from the time of removal, Saturdays, Sundays, and holidays included, to determine whether continued shelter care is necessary.”). Although § 12-15-308(a) applies only in dependency actions, we believe it to be instructive in nonjuvenile custody cases as well because the serious nature of removing a child from the custody of a parent without giving that parent notice and an opportunity to be heard is the same whether in the context of a juvenile proceeding or a nonjuvenile proceeding. The requirement in dependency cases that a hearing be conducted within 72 hours of a child’s removal from the custody of his or her parent supports a conclusion that, even when it is necessary to remove a child from his or her parent’s custody without first giving the parent notice or an opportunity to be heard, that parent should be given notice and an opportunity to be heard as expeditiously as possible — certainly sooner than 10 weeks after a child has been removed from the parent’s custody.[2]
Based on the foregoing, we conclude that the allegations in the father’s custody petition were insufficient to warrant the entry of the ex parte pendente lite custody order without providing the mother with notice and the opportunity to be heard. Therefore, we grant the petition and direct the trial court to set aside its August 31, 2012, ex parte pendente lite order.
PETITION GRANTED; WRIT ISSUED.
THOMPSON, P.J., and BRYAN and THOMAS, JJ„ concur.
PITTMAN and MOORE, JJ., concur in the result, without writings.

. We note that the mother’s alleged threat to commit suicide also occurred approximately three months before the father sought an ex parte custody order.

. We acknowledge that there may be circumstances in which it would be impossible for a circuit court to schedule a hearing within 72 hours of entering an ex parte custody order, although mere difficulty in scheduling such a hearing would not excuse a delay. We cannot overemphasize that a hearing should be conducted as close to within 72 hours as possible after an ex parte custody order has been entered.