PER CURIAM.
M.F.B. (“the mother”), who is the mother of E.B. and G.B. (“the children”), seeks the issuance of a writ of mandamus directed to the Blount Juvenile Court mandating that that court vacate several orders entered on October 21, 2016, in ongoing cases concerning the custodial disposition of the children following the entry of the juvenile court’s September 2015 judgment finding the children to be dependent and awarding physical custody of the children to A,G. (“the custodian”), a friend of the mother’s family, subject to “reasonable” supervised visitation by the mother.
The factual averments in and the attachments to the mother’s petition indicate the following pertinent facts.[1] In February 2016, the mother and the custodian *461 entered into an agreement, which was ratified by the juvenile1 court, to the effect that the mother would be entitled to supervised visitation with the children for a minimum of two hours per week and that “the parties shall remain calm and shall have no discord in the presence of the ..'. children].” After a hearing on September 1. 2016, the custodian and the mother entered into an agreement to expand the mother’s visitation up to four hours per week in advance of the next hearing date scheduled in the matter on October 27, 2016. However, in response to a motion filed by the custodian on October 18, 2016, seeking a continuance of that hearing and immediate suspension of the mother’s visitation,[2] the juvenile court, without having held a hearing at which the mother’s position could have been heard, entered several interlocutory orders on October 21, 2016, that, taken together, added the Blount County Department of Human Resources (“DHR”) as a party, required DHR or its designee to supervise all visitation between the mother and the children, limited the mother’s supervised visitation to two hours per week, and set a new review date for February 23, 2017. The mother filed in each case a “motion to set aside” .the October 21 orders, asserting, among other things, that the juvenile court’s orders had been entered in violation of her due-process rights to notice and a hearing. The juvenile court did not act on the two “motion[s] to set aside,”[3] and the mother filed her mandamus petition in this court on November 23, 2016, 33 days after the entry of the juvenile-court orders she challenges.
“Rule 21(a)(3), Ala. R. App. P., provides that a petition for an extraordinary writ directed to an appellate court, such as this court, ‘shall be filed within a reasonable time’ and that the presumptively reasonable time for filing a petition seeking review of a trial court’s order ‘shall be the same as the time for taking an appeal.’ In juvenile actions, an appeal must be taken within 14 days of the entry of the judgment or order appealed from. Rule 4(a)(1)(E), Ala. R. App. P.; Rule 28(C), Ala. R. Juv. P. [A party’s] motion to set aside the juvenile court’s order does not affect the timeliness analysis because, ‘unlike a postjudgment motion following a final judgment, a motion to reconsider an interlocutory order does not toll the presumptively reasonable time period that a party has to petition an appellate court for a writ of mandamus.’ Ex parte Onyx Waste Servs. of Florida, 979 So.2d 833, 834 (Ala. Civ. App. 2007). (citing Ex parte Troutman Sanders, LLP, 866 So.2d 547, 549-50 (Ala. 2003)).”
Ex parte C.J.A., 12 So.3d 1214, 1215-16 (Ala. Civ. App. 2009). In this case, the mother has not submitted a statement .of good cause for this court’s, consideration of her mandamus petition, notwithstanding its having been filed after the expiration of the presumptively reasonable time. See Rule 21(a)(3), Ala. R. App. P.
That said, however, this, court has interpreted a recent decision, Ex parte K.R., 210 So.3d 1106 (Ala. 2016), in which our *462 supreme court addressed on mandamus review the merits of a challenge to the lawfulness of a particular probate-court judge’s temporary appointment by a clerk of that'court, as having held that “in situations in which a petition for the writ of mandamus challenges' the subject-matter jurisdiction of the court in which the challenged interlocutory order was rendered, the petition need not timely invoke the jurisdiction of the appellate court.” Ex parte J.B., 223 So.3d 251, 254 (Ala. Civ. App. 2016). Application of Ex parte J.B. to the circumstances of this case, in which the mother’s contentions regarding lack of notice and a hearing in -connection with a court’s ex parte limitation of her visitation rights implicate due-process guarantees, see Ex parte C.T., 154 So.3d 149, 152-53 (Ala. Civ. App. 2014), and do in fact go to the power of the juvenile court to enter the October 21, 2016, orders, warrants consideration of the merits, notwithstanding the mother’s noncompliance with Rule 21(a)(3), Ala. R. App. P. See M.G.D. v. L.B., 164 So.3d 606, 608, 611-12 (Ala. Civ. App. 2014) (holding void, as violative of procedural due-process principles, juvenile court’s order restricting removal of minor children from Alabama without permission because order was issued without notice and opportunity to be heard).
On the merits of the mother’s contentions, we conclude that the writ is due to be issued to compel the vacation of the October 21, 2016, orders. Our decision in Ex parte C.T. stands for the proposition that a party having visitation rights as to a particular child or particular children has an accompanying procedural due-process right to notice of a proceeding to deprive that party of visitation rights and either a right to a predeprivation hearing or to a postdeprivation hearing “ ‘as expeditiously as-possible.’ ” 154 So.3d at 153 (quoting Ex parte Couey, 110 So.3d 378, 381 (Ala. Civ. App. 2012)) (emphasis omitted). Here, for all that appears in the mother’s petition and the attachments thereto, the mother has received neither notice nor a timely hearing as to the curtailment of her visitation rights as sought by the custodian and as ordered by the juvenile court. Thus, we grant the mother’s petition and direct the juvenile court to vacate its orders of October 21, 2016, without prejudice to the authority of the juvenile court to entertain subsequent motions by the custodian seeking limitation or suspension of the mother’s yisitation rights as to the children and, after notice and a- hearing have been afforded, to determine the merits of such motions based'upon the evidence adduced at a hearing thereon,
PETITION GRANTED; WRIT ISSUED.
■Thompson, P.J., and Moore, J., concur.
Pittman, J., concurs specially, which Thomas and Donaldson, JJ,, join.

. Neither the respondent juvenile-court judge nor any respondent constituting a real party in interest in the cases involving the status of the children filed any response to the mother’s petition, and the failure by any respondent to respond to a petition for an extraordinary writ compels an appellate court to consider the averments of fact in that petition as true. See Ex parte Turner, 840 So.2d 132, 134-35 (Ala. 2002).

. That motion alleged that the mother had, among other things, subjected the children to physical and verbal abuse and had also subjected the custodian to verbal abuse and threats.

. Because the juvenile court’s orders of October 21, 2016, were interlocutory, the mother’s motions seeking reconsideration of those orders did not constitute postjudgment motions within the scope of the automatic-denial rule set forth in Rule 59.1, Ala. R. Civ. P., as made applicable to the juvenile courts pursuant to Rule 1, Ala. R. Juv. P. See Wessex House of Jacksonville, Inc. v. Kelley, 908 So.2d 226, 228-29 (Ala. 2005).