Rel: July 26, 2024

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# ALABAMA COURT OF CIVIL APPEALS

## SPECIAL TERM, 2024

_____

### CL-2024-0325

_____

### Ex parte A.B.

### PETITION FOR WRIT OF MANDAMUS

### (In re:  In the matter of M.G.)

### (Lawrence Juvenile Court: JU-23-120.01)

_____

### CL-2024-0326

_____

### Ex parte A.B.

### PETITION FOR WRIT OF MANDAMUS

### (In re:  In the matter of M.S.B.)

### (Lawrence Juvenile Court: JU-23-121.01)

CL-2024-0325; CL-2024-0326; and CL-2024-0327

_____

**CL-2024-0327**
_____

**Ex parte A.B.**

**PETITION FOR WRIT OF MANDAMUS**

**(In re:  In the matter of N.C.B.)**

**(Lawrence Juvenile Court: JU-23-122.01)**

LEWIS, Judge.

A.B. ("the mother") has petitioned this court for a writ of mandamus directing the Lawrence Juvenile Court ("the juvenile court") to vacate its April 24, 2024, orders modifying her visitation with M.G., M.S.B., and N.C.B. (collectively referred to as "the children").  We grant the petitions and issue the writ.

Procedural History[1]

On March 7, 2024, the juvenile court entered judgments ("the dependency judgments") finding the children dependent; awarding

---

[1]With her petition, the mother submitted only documents pertaining to case no. JU-23-120.01; she stated that "[t]he pertinent documents … are exactly the same or substantially the same" in each case.  DHR has not controverted that representation.  Therefore, we consider the mother's statement on this point to be accurate.  See, e.g., Ex parte Breslow, 259 So. 3d 673, 675 n.1 (Ala. Civ. App. 2018).

2

custody of the children to the Lawrence County Department of Human Resources ("DHR"); awarding the mother unsupervised midweek visitation with the children; awarding the mother supervised visitation with the children every Sunday; and ordering that J.B., a man with whom the mother had been in a relationship, have no contact with the children. The dependency judgments specifically found that J.B. had had inappropriate contact with one of the children. On March 15, 2024, the mother filed postjudgment motions in each action. The materials submitted to this court do not indicate that the juvenile court ruled on those motions; therefore, the motions were denied by operation of law on March 29, 2024. See Rule 1(B), Ala. R. Juv. P.

On April 9, 2024, the juvenile court set the cases for a permanency hearing to be held on April 16, 2024. On April 10, 2024, the mother filed a notice of appeal to this court, challenging the dependency judgments. On April 19, 2024, the mother filed motions seeking increased visitation with the children, along with an affidavit in support thereof.

On April 23, 2024, DHR filed a motion requesting that the juvenile court hold the mother in contempt and requesting that the mother's unsupervised visitation be suspended. DHR alleged that the mother had

3

permitted the children and J.B. to have contact in violation of the dependency judgments, and DHR attached an affidavit in support of its motion. On April 24, 2024, the juvenile court entered orders in each action stating, in pertinent part:

> "This Court, by extensive Order dated March 7, 2024, set forth a schedule of visitation of the Mother with the children herein. Said visitation schedule revolved around her work schedule which consisted of being off every other weekend and two 'floating' mid-week days. This was based upon the testimony the Court received on February 7, 2024 and March 6, 2024. At the permanency hearing on April 16, 2024 the Court was informed the Mother no longer had that schedule and now works Monday-Friday and is off every weekend. The Mother again asked the Court to expand her visitation. By filing on April 23, 2024 [DHR] asserts the following:
>
> > "1. On at least three (3) occasions since the inception of this case the Mother has allowed video conferencing between [J.B.] and the children in violation of this Court's orders. The most recent allegation is [on] April 14, 2024.
> >
> > "2. That [J.B.] has been released from prison and bonded out of the Lawrence County jail on April 23, 2024 although testimony was [that] his earliest release date was January 2025.
>
> "This Court based its March 7, 2024 visitation upon the following conditions precedent:
>
> > "1. The Mother would maintain her work schedule.

"2. The Mother's testimony that she had not allowed any form of contact with [J.B.] and the children.

"3. [J.B.] would be incarcerated until at least January 2025.

"It is therefore, ORDERED, ADJUDGED AND DECREED as follows.

"The visitation set forth by [t]his Court in its March 7, 2024 Order is hereby SUSPENDED, SET ASIDE AND HELD FOR NAUGHT.

"The Mother shall visit with the minor children as the [individualized-service-plan] team deems appropriate.

"This Court will reserve the issues of contempt, perjured testimony and fraud."

(Capitalization in original.)

On April 26, 2024, the mother filed a response to DHR's motion to hold her in contempt, and she requested relief from the April 24, 2024, orders. The mother stated that the affidavit attached to DHR's motion averred that the children and J.B. had had contact only prior to the entry of the dependency judgment. The mother also pointed out that the juvenile court had suspended her visitation without a hearing. She requested that the juvenile court vacate the April 24, 2024, orders, until an evidentiary hearing could be held on DHR's motion.

5

On May 3, 2024, the juvenile court entered orders setting the cases for a permanency hearing to be held on May 14, 2024; however, those orders were set aside as having been entered in error. On May 8, 2024, the mother filed her petitions for a writ of mandamus with this court. The petitions were consolidated ex mero motu. DHR filed an answer to the petitions on May 24, 2024.

## Standard of Review

"'"A writ of mandamus is an extraordinary remedy ... that should be granted only if the trial court clearly abused its discretion by acting in an arbitrary or capricious manner." Ex parte Edwards, 727 So. 2d 792, 794 (Ala. 1998). The petitioner must demonstrate:

"'"'(1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.'"

"'Ex parte Edwards, 727 So. 2d at 794 (quoting Ex parte Adams, 514 So. 2d 845, 850 (Ala. 1987)).'"

Ex parte C.T., 154 So. 3d 149, 151 (Ala. Civ. App. 2014) (quoting Ex parte D.J.B., 859 So. 2d 445, 448 (Ala. Civ. App. 2003)).

6

Discussion

In her petition, the mother first argues that the juvenile court "erred in suspending the Mother's visitation with the … children without first holding an evidentiary hearing on the same, thereby giving the Mother notice and opportunity to be heard." In support of her argument, she cites, among other authority, this court's decision in Ex parte M.F.B., 228 So. 3d 460 (Ala. Civ. App. 2017). The mother points out that, in M.F.B., this court recognized that "a party having visitation rights as to a particular child or particular children has an accompanying procedural due-process right to notice of a proceeding to deprive that party of visitation rights and either a right to a predeprivation hearing or to a postdeprivation hearing '"as expeditiously as possible."'" 228 So. 3d at 462 (quoting Ex parte C.T., 154 So. 3d at 153, quoting in turn Ex parte Couey, 110 So. 3d 378, 381 (Ala. Civ. App. 2012)).

In C.T., this court explained that, in a situation in which "the allegations contained in [a] petition demonstrate a likelihood that the health and welfare of the child is in danger," a juvenile court may enter an ex parte custody order. 154 So. 3d at 153; see also Thorne v. Thorne, 344 So. 2d 165, 170-71 (Ala. Civ. App. 1977) ("In the few situations where

it appears the actual health and physical well-being of the child are in danger, the court has authority under Ex parte White, [245 Ala. 212, 16 So. 2d 500 (1944)], to make a temporary grant of custody until a final determination can be made."). This court noted, though, that "the right to transfer custody in a 'summary proceeding' is limited by the requirement that '"an adequate remedy [be] available by which the parent may afterward have his [or her] rights presented to a proper tribunal."'" C.T., 154 So. 3d at 153 (quoting Ex parte White, 245 Ala. 212, 215, 16 So. 2d 500, 503 (1944), quoting in turn 39 Am. Jur. 604, § 17).

In this case, DHR's motion to suspend the mother's visitation alleged that the mother had allowed contact with J.B. in violation of the juvenile court's dependency orders. The dependency orders specifically found that J.B. had had inappropriate contact with one of the children. Because the allegations of DHR's motion involved potential harm to the children, the juvenile court had the authority to suspend the mother's visitation until such time as a hearing could be held. We note, however, that the juvenile court did not designate its April 24, 2024, orders as temporary orders, nor did the juvenile court provide for a postdeprivation

8

hearing to be held expeditiously. Therefore, we conclude that the juvenile court's April 24, 2024, orders deprived the mother of her due-process rights, and, thus, the mother has shown a clear legal right to extraordinary relief. Accordingly, we grant the mother's petition for a writ of mandamus and direct the juvenile court to set aside its April 24, 2024, orders and to enter new orders in compliance with this opinion.

Although the mother makes other arguments in her petition, based on our disposition of the mother's first argument, we pretermit discussion of the remaining arguments.

CL-2024-0325 -- PETITION GRANTED; WRIT ISSUED.

CL-2024-0326 -- PETITION GRANTED; WRIT ISSUED.

CL-2024-0327 -- PETITION GRANTED; WRIT ISSUED.

Hanson and Fridy, JJ., concur.

Edwards, J., concurs specially, with opinion, which Moore, P.J., joins.

EDWARDS, Judge, concurring specially.

I agree that the petitions for the writ of mandamus filed by A.B. ("the mother") are due to be granted. As we explained in Ex parte M.F.B., 228 So. 3d 460 (Ala. Civ. App. 2017), a juvenile court must hold an evidentiary hearing either before or "'"as expeditiously as possible"'" after the entry of an order affecting the visitation rights of a parent of a dependent child. 228 So. 3d at 462 (quoting Ex parte C.T., 154 So. 3d 149, 153 (Ala. Civ. App. 2014), quoting in turn Ex parte Couey, 110 So. 3d 378, 381 (Ala. Civ. App. 2012)). Moreover, in my opinion, the April 24, 2024, orders entered by the Lawrence Juvenile Court ("the juvenile court") suspending the mother's visitation are ex parte orders of protection or restraint, and, thus, the juvenile court was required to have held an evidentiary hearing on the motions to suspend the mother's visitation filed by the Lawrence County Department of Human Resources within 72 hours of the entry of the April 24, 2024, orders. See Ala. Code 1975, §§ 12-15-140 and 12-15-141.

The Alabama Juvenile Justice Act governs the conduct of juvenile proceedings by the juvenile courts of this state. See Ala. Code 1975, § 12-15-101 et seq. Juvenile courts are expressly given the authority to enter

orders of protection or restraint in Ala. Code 1975, § 12-15-138, which provides that "[t]he juvenile court, at any time after a dependency petition has been filed, or on an emergency basis, may enter an order of protection or restraint to protect the health or safety of a child subject to the proceeding." According to § 12-15-140(b)(3), a "protection or restraint order," among other things, may require any person or persons to "[p]ermit a parent, legal guardian, or legal custodian to visit the child subject to a juvenile court proceeding at stated periods pursuant to stated conditions or deny visitation." (Emphasis added.) A juvenile court is permitted to

> "enter an ex parte order of protection or restraint on an emergency basis, without prior notice and a hearing, upon a showing of verified written or verbal evidence of abuse or neglect injurious to the health or safety of a child subject to a juvenile court proceeding and the likelihood that the abuse or neglect will continue unless the order is issued. If an emergency order is issued, a hearing, after notice, shall be held within 72 hours of the written evidence or the next judicial business day thereafter, to either dissolve, continue, or modify the order."

§ 12-15-141 (emphasis added). Because I conclude that §§ 12-15-140 and 12-15-141 are applicable to the juvenile court's April 25, 2024, orders, I would rely on those statutes as an additional basis for granting the mother's petitions, and I would instruct the juvenile court to either hold

11

a hearing within 72 hours of the issuance of this court's opinion or to vacate the April 24, 2024, orders suspending the mother's visitation.

Moore, P.J., concurs.